

# The Attorney General of Texas

July 6, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas    78701

Opinion No. MW-485

Re: Whether section 2.07(b)(2) of the Education Code relating to assignment of salary by married person is still valid

Dear Mr. Bynum:

Your question concerns section 2.07 of the Texas Education Code, which provides in pertinent part as follows:

> (b) Any teacher's or school employee's assignment, pledge, or transfer of his salary or wages as security for indebtedness -- or any interest or part of his salary or wages -- then due or which may become due under an existing contract of employment shall be enforceable only under the following conditions:
>
> ....
>
> (2) Any assignment, pledge, or transfer must be in writing and acknowledged as required for the acknowledgement of deeds or other recorded instruments, and if executed by a married person, it must also be executed and acknowledged in a like manner by his or her spouse.... (Emphasis added).

You ask whether the underlined requirement is valid under current Texas marital property laws.

Article XVI, section 15 of the Texas Constitution provides in relevant part that:

> All property, both real and personal, of a spouse owned or claimed before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of that spouse; and laws shall be passed more clearly defining the

rights of the spouses, in relation to separate and community property....

Title 1 of the Family Code was enacted in 1969. Acts 1969, 61st Leg., ch. 888, at 2707. As amended in 1973, section 5.22 thereof provides in pertinent part as follows:

> (a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:
>
> (1) personal earnings;
>
> ....
>
> (c) Except as provided in Subsection (a) of this section, the community property is subject to the joint management, control, and disposition of the husband and wife, unless the spouses provide otherwise by power of attorney in writing or other agreement.

Under this section, each spouse has "sole management, control, and disposition" of his or her "personal earnings." Section 2.07(b)(2) of the Education Code requires, however, that an assignment, pledge, or transfer of a teacher's or school employee's salary or wages must, if executed by a married person, "also be executed and acknowledged in a like manner by his or her spouse." Your question is essentially whether, in enacting section 5.22 of the Family Code, the legislature impliedly repealed this requirement.

We begin by noting that our courts do not favor repeal by implication. Where two statutes enacted at different times are not inconsistent, repeal by implication occurs only if the later enactment "embrace[s] all the law upon the subject with which it deals" and is clearly intended as a complete replacement for former law. Motor Investment Company v. City of Hamlin, 179 S.W.2d 278, 281 (Tex. 1944). Accord, Standard v. Sadler, 383 S.W.2d 391 (Tex. 1964); Wintermann v. McDonald, 102 S.W.2d 167 (Tex. 1937). The rule governing repeal by implication was summarized in the following manner in Texas and N.O.R. Company v. W.A. Kelso Building Material Company, Inc., 250 S.W.2d 426, 430 (Tex. Civ. App. - Galveston 1952, writ ref'd n.r.e.):

> [W]here there is no express repeal, the presumption is that in enacting a new law the legislature intended the old statute to remain in operation. So, a repeal by implication will be adjudged only when such result is inevitable or

> was plainly intended by the Legislature.  Further,
> the doctrine of implied repeal may not be invoked
> merely because of inconsistency or repugnance
> between earlier and later legislation.  The court
> will endeavor to harmonize and reconcile the
> various provisions and if both acts can stand
> together, the rule is to let them stand.

Thus, we cannot conclude that the section 2.07(b)(2) requirement has been repealed by implication unless it is clear that the legislature "plainly intended" that result.

The section 2.07(b)(2) requirement was first imposed in 1939.  As originally enacted, article 2883a, V.T.C.S., the predecessor of section 2.07, provided in relevant part that:

> such assignment, transfer, or pledge be in writing
> and acknowledged in the same manner as required
> for the acknowledgment of a deed or other
> instrument for registration, and provided further
> that if such instrument be executed by a married
> person it shall also be executed and acknowledged
> by his or her spouse in such manner.

In 1939, article XVI, section 15 of the Texas Constitution provided that:

> [a]ll property, both real and personal, of the
> wife, owned or claimed by her before marriage, and
> that acquired afterward by gift, devise or
> descent, shall be her separate property; and laws
> shall be passed more clearly defining the rights
> of the wife, in relation as well to her separate
> property as that held in common with her
> husband....

The 1939 version of article 4619, V.T.C.S., the predecessor of section 5.22 of the Family Code, provided in pertinent part that:

> Section 1.    All property acquired by
> either the husband or wife during marriage, except
> that which is the separate property of either,
> shall be deemed the common property of the husband
> and wife; and all the effects which the husband
> and wife possess at the time the marriage may be
> dissolved shall be regarded as common effects or
> gains, unless the contrary be satisfactorily
> proved.  During coverture the common property of
> the husband and wife may be disposed of by the

husband only; provided, however, if the husband
shall have disappeared....

When the foregoing provisions are read together, it becomes
apparent that in 1939, the following was true:   (1) The personal
earnings of a spouse, i.e., salary or wages, earned during marriage
were part of the "common property" of the husband and wife; (2) As a
general rule, the husband had the sole right to control said common
property; (3) This rule was, however, subject to such exceptions as
the legislature should create, see, e.g., Hawkins v. Britton State
Bank, 52 S.W.2d 243 (Tex. 1932) (rents from wife's separate lands are
community property but, under former articles 4614 and 4616, V.T.C.S.,
are under wife's exclusive management and control); and (4) article
2883a, V.T.C.S., created such an exception.   Under this statute, if a
married, male teacher or school employee wished to assign, pledge, or
transfer all or part of his salary or wages as security for
indebtedness, he was obliged, notwithstanding his general right to
control the personal earnings of either spouse, to have his wife
execute and acknowledge the instrument as well.   See Hawkins v.
Britton State Bank, supra (articles 4614 and 4616 create exceptions to
general rule stated in article 4619).

The status of one's personal earnings is different today.   Said
earnings are now part of the "special community" property listed in
section 5.22 of the Family Code.   See Estate of Wyly v. Commissioner
of Internal Revenue, 610 F.2d 1282 (5th Cir. 1980).   A spouse's
community interest in section 5.22(a) "special community" property is
different from his or her general community interest, in the sense
that although the other spouse owns an undivided one-half interest in
the property, the spouse with the special community interest has the
sole power of management, control and disposition of it.   Estate of
Wyly, supra.

In support of the contention that section 5.22 of the Family Code
impliedly repealed section 2.07(b)(2) of the Education Code, it is
urged that the section 2.07(b)(2) requirement is at odds with the
philosophy expressed in section 5.22(a), viz., that each spouse should
have the "sole" right to manage his or her personal earnings.   As we
have shown, however, the general rule in 1939 was that husbands had
the "sole" right to manage the common property of the marriage,
including the spouses' personal earnings, but this did not prevent the
legislature from creating the exception then embodied in article 2883a
and now found in section 2.07(b)(2).   Admittedly, given section 5.22
of the Family Code, section 2.07(b)(2) now operates as a limitation
upon the management rights of either spouse, not just the husband;
nevertheless, we conclude that the section 2.07(b)(2) requirement is,
at least in theory, no more inconsistent with the philosophy expressed
in section 5.22 of the Family Code than the article 2883a requirement
was with the concept underlying article 4619.

The legislature was free in 1939 and is free now to define the rights of spouses with respect to their community property. Tex. Const. art. XVI, §15. It exercised that right in 1939 when, through the enactment of article 2883a, it qualified a husband's otherwise broad power to manage common property. The article 2883a requirement has been on the books in one form or another since 1939. In light of this, we cannot conclude that the legislature "plainly intended" to repeal the requirement when it enacted section 5.22 of the Family Code.

## S U M M A R Y

Section 5.22 of the Texas Family Code did not impliedly repeal section 2.07(b)(2) of the Texas Education Code.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Nancy Lynch
Jim Moellinger
Bruce Youngblood